IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No.   1:07-cr-89 |
| Plaintiff, | ) | |
| | ) | **PLEA AGREEMENT** |
| -vs- | ) | |
| | ) | |
| TYRONE PIPKIN, GLORIA HARPER, | ) | |
| GLOBAL NETWORKING | ) | |
| TECHNOLOGY, INC., and | ) | |
| COMPUTER TRAINING AND | ) | |
| ASSOCIATES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Drew H. Wrigley, United States Attorney for the District of North Dakota, and David L. Peterson, Assistant United States Attorney, Defendants, TYRONE PIPKIN, GLORIA HARPER, (Mr. Pipkin and Ms. Harper, as evidenced by their signatures hereto, appear in both individual and representative capacities) GLOBAL NETWORKING TECHNOLOGY, INC., and COMPUTER TRAINING AND ASSOCIATES, INC., (Global Networking Technology, Inc. and Computer Training and Associates, Inc. are collectively referred to herein as the "Defendant corporations" and they together with Mr. Pipkin and Ms. Harper are collectively referred to herein as the "Defendants") and Defendants' attorneys, Christopher R. Zaetta and William Michael, Jr., hereby agree to the following:

1.     Defendants and their representatives acknowledge the Indictment charges violations of Title 18, United States Code, Sections 371, 981(a)(1)(C); 1341 and 2; Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461(c).

2.     Defendants have read the charges, and Defendants' attorneys have fully explained the charge to Defendants.

3.     Defendants fully understand the nature and elements of the charged crime.

4.     Defendants GLOBAL NETWORKING TECHNOLOGY, INC. and COMPUTER TRAINING AND ASSOCIATES, INC. will voluntarily plead guilty to Count Two of the Indictment, Mail Fraud in violation of Title 18, United States Code, Section 1341.

5.     The parties agree this Plea Agreement shall be filed and become a part of the Court record and be governed by Federal Rule of Criminal Procedure 11(c).   The parties specifically agree that Rule 11(c)(1)(C) does not apply.   If the United States makes the non-binding recommendations specified in this Plea Agreement, then Defendant corporations acknowledge this agreement will have been fulfilled.   Except as provided in Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give Defendant corporations a right to withdraw their guilty plea.

6.     Defendant corporations will plead guilty to Count Two of the Indictment because Defendant corporations are in fact guilty of the charge.    In pleading guilty to this charge, Defendant corporations acknowledge that:

Between the dates of January 2000 and December 2006, in the State and District of North Dakota, and elsewhere, Defendants GLOBAL NETWORKING TECHNOLOGY, INC. and COMPUTER TRAINING AND ASSOCIATES, INC., acting through their representatives as set forth in paragraph 7 below, did knowingly defraud and obtain money from federal Universal Service Fund administered for the Federal Communications Commission (FCC) by the Schools and Libraries Division (SLD) of the Universal Service Administrative Company (USAC), through materially false representations and the concealment of material facts, by depositing and causing to be deposited matters and things to be sent to SLD and USAC by private and commercial interstate carrier and the United States Post Office in furtherance of the scheme to defraud, in violation of Title 18, United States Code, Section 1341, all of which documents were related to an application for E-Rate funds for the Twin Buttes School located in the District of North Dakota.

The Defendant corporations did further (a) violate the rules of the E-Rate Program by soliciting the Twin Buttes school to select the Defendant corporations as the service providers under the E-Rate Program; (b) cause the Twin Buttes school to enter into unnecessarily large contracts for infrastructure enhancements under the E-Rate program;

3

(c) submit materially false and fraudulent invoices and other documents to SLD and USAC claiming that certain work had been performed and goods supplied to the school which either had not been performed or not been supplied or had been done so at grossly inflated amounts; and (d) received payment from SLD and USAC for goods and services that Defendant corporations fraudulently claimed had been provided to the school.

After Twin Buttes' representatives indicated an interest in the E-Rate Program funding, the Defendant corporations, subverted the E-Rate Program application process by taking over the school's role in completing and submitting the school's E-Rate Program application materials.

Defendant corporations also submitted invoices to Twin Buttes School by way of the United States Postal Service requesting payment from Twin Buttes School and in some instances Twin Buttes School, in response to the request for payment, issued checks to the Defendants, which checks were sent by way of the United States Postal Service.

7.     Tyrone Pipkin acknowledges that during the period of January 2000-December 2006, he was a part owner of GLOBAL NETWORKING TECHNOLOGY, INC.    Gloria Harper acknowledges that during this same time period she became part owner of GLOBAL NETWORKING TECHNOLOGY, INC. and that throughout this period she was the sole owner of COMPUTER TRAINING AND ASSOCIATES, INC.    Gloria Harper and Tyrone Pipkin agree that the Defendant corporations that they owned and represented participated in the conduct set forth in

4

paragraph 6 of this Plea Agreement, to which GLOBAL NETWORKING

TECHNOLOGY, INC. and COMPUTER TRAINING AND ASSOCIATES, INC. will

plead guilty.

8.     Both Defendant corporations understand that the statutory maximum

penalty which may be imposed upon conviction for a violation of 18 U.S.C. § 1341 is a

fine in an amount equal to the greatest of:

(a)     $500,000 (18 U.S.C. § 3571(c)(3)); or

(b)     twice the gross pecuniary gain from the offense (18 U.S.C.

§ 3571(d)); or

(c)     twice the gross pecuniary loss caused to the victims of the crime

(18 U.S.C. § 3571(d)).

9.     In addition, both Defendant corporations understand that:

(a)     pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of

probation of at least one year, but not more than five years;

(b)     pursuant to 18 U.S.C. § 3663, the Court may order them to pay

restitution to the victims of the offense; and

(c)     pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order

each Defendant to pay a $400 special assessment upon conviction for the

charged crime.

SENTENCING GUIDELINES

10.     The Defendant corporations understand that the Sentencing Guidelines are advisory, not mandatory, but that the court must consider the Guidelines in effect on the date of sentencing, along with other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence.   The Defendant corporations understand that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard.   The Defendant corporations understand that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, their sentences must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

11.     The Defendant corporations stipulate that the Sentencing Guidelines would be calculated, pursuant to Chapter 8, as follows:

For Mail Fraud:

| | | |
|---|---|---|
| a. | Base Offense Level pursuant to Section 8C2.3 (USSG § 2B1.1): | 6 |
| b. | Specific offense characteristics (USSG § 2B1.1(b)(1)(G)) | + 12 |
| c. | Adjusted offense level: | <u>18</u> |
| d. | Base Fine pursuant to Section 8C2.4: | $350,000 |
| e. | Culpability Score pursuant to Section 8C2.5 | 5 |
| f. | Minimum and maximum Multipliers pursuant to 8C2.6 | 1.0 2.0 |

6

| g. | Guideline Fine Range pursuant to Section 8C2.7 | $350,000 $700,000 |

12.   Defendant corporations and their representatives understand that by pleading guilty Defendant corporations surrender rights, including:

(a)   The right to a speedy public jury trial and related rights pertaining thereto, as follows:

(i)   A jury would be composed of 12 lay persons selected at random.   Defendant corporations and their attorneys would help choose the jurors by removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising peremptory challenges.   The jury would be instructed that defendants are presumed innocent and that it could not return a guilty verdict unless it found them guilty beyond a reasonable doubt.

(ii)   If trial were held without a jury then the judge would find the facts and determine whether Defendant corporations were guilty beyond a reasonable doubt.

(iii)   At a trial, whether by a jury or judge, the United States is required to present witness testimony and other evidence against Defendant corporations.   Defendant corporations' attorneys can confront and examine them.   In turn, the defense can present witness testimony and other evidence.   If witnesses for Defendant corporations refuse to appear

7

voluntarily, Defendants can require their attendance through the subpoena power of the Court.

(b)     Pipkin and Harper have a right to remain silent.    However, under terms of the Plea Agreement, the Judge will likely ask Defendant corporations' representatives questions about Defendant corporations' criminal conduct, to ensure that there is a factual basis for Defendants' plea.

13.    Defendants understand that by pleading guilty the Defendant corporations give up all of the rights set forth in the prior paragraph, and there will be no trial. Defendants' attorneys have explained these rights, and the consequences of Defendants' waiver.

14.    The Court shall impose a sentence sufficient to comply with the purposes set forth in the Sentencing Reform Act.    In doing so, the Court shall consider factors set forth in 18 U.S.C. Section   3553(a), and must consult and take into account the United States Sentencing Commission, Guidelines Manual (Nov. 2007) (USSG). Defendants and their representatives understand that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of Defendant corporations' conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing.    The United States and Defendant corporations expressly reserve the right to appeal from an unreasonable sentence.

8

15.     This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota.    It does not bind any United States Department of Justice Attorney or United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor.    They remain free to prosecute Defendants for any offenses within their jurisdiction.    This Plea Agreement also does not bar or compromise any civil or administrative claim, including debarment.

16.     Defendant corporations and their representatives understand that the United States Attorney reserves the right to notify any local, state, or federal agency by whom the Defendant corporations are licensed, or with whom they do business, of Defendant corporations' conviction.

17.     Neither the Court nor the Probation Office is a    party to the Plea Agreement.    Neither the Court nor the Probation Office is bound by the Plea Agreement as to determining the guidelines range.    The Court may impose a reasonable sentence anywhere within the statutory range.    The Court may depart from the applicable guidelines range if the Court, on the record, states factors not contemplated by the Sentencing Guidelines Commission to justify the departure.    Both parties reserve the right to object to any departure.    See USSG § 1B1.1, comment.(n.1) (defines "departure").    There may be other adjustments the parties have not agreed upon.

18.     At sentencing, the parties will jointly recommend that the Court order:

9

 (a) that the Defendant corporations are jointly and severally liable for payment of and shall pay USAC restitution in the amount of $241,000 to the FCC and USAC as set out in paragraph 18(j);

 (b) that the Defendant corporations will not be allowed to claim any credit against the restitution ordered in Paragraph 18(a) for the $57,150 that was repaid to USAC in 2006;

 (c) that neither the Defendant corporations, nor Gloria Harper or Tyrone Pipkin will make any further demand for payment from Twin Buttes School of $38,000 for which they have previously billed Twin Buttes School but not been paid;

 (d) that the Defendants will not make any further request for payment by USAC for invoices submitted by them to USAC on any of Defendant corporations E-rate projects and hereby release any such claims;

 (e) that the Defendant corporations will not ever assist any applicant in preparing or submitting any part of another E-Rate Application to USAC or SLD on behalf of any applicant;

 (f) that this agreement only relates to Defendant corporations projects in North Dakota and does not have any effect on any other of their E-Rate projects in any other jurisdiction other than as set forth in Paragraphs 18(d), 18(e), and 19;

10

(g)     that no fine be assessed in accordance with USSG § 8C3.3;

(h)     that each corporate Defendant pay a $400 special assessment;

(i)     that the Indictment and all charges against Pipkin and Harper, personally, will be dismissed;

(j)     (1)     that $120,500 of the restitution amount will be paid to the clerk of court on the day of sentencing;

        (2)     that the $25,000 currently (plus interest accrued from date of payment) on deposit with the clerk of court be used to partially satisfy the restitution amount as of the day of sentencing;

        (3)     that the remaining restitution amount will be paid to the clerk of court within 5 business days of the release of the currently existing restraining order; and

(k)     (1)     that the currently existing restraining order be terminated;

        (2)     that the United States remove the lis pendens that are in place against the real and personal property of the defendants within 5 business days following receipt of the full restitution amount.

19.     It is further agreed that:

        (a)     Tyrone Pipkin and Gloria Harper each agrees that neither he nor she, individually or through any other business entity, will for a period of three (3) years following the execution date of this Plea Agreement: (1)

11

bid on or perform any work related to any contracts that are funded under the E-Rate program, or (2) participate in any other activities associated with or related to the E-Rate program, including, but not limited to any consulting with, assisting, or advising applicants or service providers regarding the E-Rate program, or (3) seek or receive any funds or discounted services provided under the E-Rate program.   Further, Tyrone Pipkin and Gloria Harper agree that their commitment not to participate in the E-Rate program will be a matter of public record and that their names will be listed on the Federal Communications Commission's (FCC) website list of Universal Service Fund Suspension and Debarment Actions at http://www.fcc.gov/eb/usfc/ and on USAC's list of persons debarred at http://www.usac.org/sl/about/suspensions-debarments.aspx.   Tyrone Pipkin and Gloria Harper agree that they will not challenge this disqualification or its publication on the FCC and USAC websites.

      (b)     Should Tyrone Pipkin and Gloria Harper, individually or through any other business entity, violate the non-participation commitment in Paragraph 19(a) (knowingly, inadvertently, or otherwise, and whether acting as a prime contractor, subcontractor, consultant, or in any other capacity), then neither USAC nor the FCC shall be obligated to make any payments in connection with any such contract or participation,

and any funds he, she or the business entity may have received for or in connection with any such contract or participation shall be subject to recovery by USAC, and if such funds are not repaid, they shall be considered a debt due and owing to the FCC.

(c)     If, following expiration of the non-participation commitment in Paragraph 19(a) and any voluntary exclusion and debarment imposed by any federal agency under Paragraph 19(d), Tyrone Pipkin or Gloria Harper, individually or through any other business entity, seeks to participate in any manner whatsoever in the E-Rate program, including but not limited to acting as a service provider or consultant, or assisting an applicant by submitting any part of an E-Rate application or providing advice on any part of an E-rate application, he or she shall give prior written notice to USAC, including a reference to this plea agreement and the disclosure of the names of the business entity or entities.    Such notice shall be sent to USAC's General Counsel and to USAC's Vice President for Schools and Libraries at the following address:    Universal Service Administrative Company, 2000 L Street, NW, Suite 200, Washington, DC 20036.

(d)     Tyrone Pipkin and Gloria Harper further acknowledge that they had reason to know of the improper conduct and therefore there

13

is sufficient basis under 2 C.F.R. & 180.630 and 48 C.F.R. & 9.406-5 for a federal agency to impute the improper conduct of the defendant corporations to them individually for purposes of debarment or voluntary exclusion.   On this basis, Gloria Harper and Tyrone Pipkin, volunteer for exclusion from all primary and lower tier covered transactions, and will not act as a "principal" with any entity engaged in covered transaction(s) with the United States of America for a period of time to be determined by the United States Department of the Interior or other federal agency. Additionally, Gloria Harper and Tyrone Pipkin understand and acknowledge that as a result of this voluntary exclusion their names will be listed on the General Services Administration Excluded Parties List System (EPLS) for the duration of the debarment period.   Gloria Harper and Tyrone Pipkin agree voluntarily to be debarred and not to contest any debarment actions taken against them by any federal agency based on the conduct described herein.

> (e)   Gloria Harper and Tyrone Pipkin understand that the decision to pursue any debarment action or voluntary exclusion of

them under 2 C.F.R. Part 180 or other government-wide debarment regulations will be made by the Department of Interior or other federal agencies and will not be made by the Office of the United States Attorney.

A debarment action or voluntary exclusion is an administrative action taken by an agency for the purpose of protecting the interests of the United States Government.

20.      Defendants acknowledge and understand that if Defendants violate any term of this Plea Agreement, engage in any further criminal activity, or fail to appear for sentencing, the United States will be released from its commitments.    In that event, this Plea Agreement shall become null and void, at the discretion of the United States, and Defendants will face the following consequences:    (1) all testimony and statements of Defendants and other information Defendants, through their representatives, has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal grand jury, may be used against Defendants in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against all corporate and individual Defendants and to use any information obtained directly or indirectly from Defendants in those additional prosecutions.    Nothing in this agreement prevents the United States from prosecuting Defendants and their representatives for perjury, false statement, or false declaration if Defendants or their representatives commit such acts in connection with this agreement or otherwise.

21.     Defendant corporations' and their representatives acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to induce Defendant corporations to plead guilty.

22.     Defendant corporations are aware of the right to appeal provided under Title 18, United States Code, Section 3742(a).     Defendant corporations hereby waive this and any right to appeal the Court's entry of judgment against Defendants, reserving only the right to appeal from an upward departure from the Guideline range or from an unreasonable sentence.     See United States Sentencing Guidelines Section 1B1.1, comment, (n.1) (defines "departure").     Defendant corporations further waive all rights to contest Defendant corporations' conviction or sentence in any post-conviction proceeding, except one based upon a claim of ineffective assistance of counsel, or one made pursuant to 28 U.S.C. Section 2255(3)(right newly recognized by Supreme Court).     Defendants' representatives specifically acknowledge that the Eighth Circuit Court of Appeals has upheld the enforceability of a provision of this type in United States v. His Law, 85 F.3d 379 (8th Cir. 1996).     Therefore, Defendants' representatives understand that any appeal or other post-conviction relief that Defendant might seek not specifically permitted under this agreement should be summarily dismissed by the Court in which it is filed.

23.     The Assistant United States Attorney and the attorneys for the Defendants agree to abide by the provisions of Rule 32.1CR of the Local Rules for the United States District Court for the District of North Dakota.     Pursuant to Rule 32.1CR(B)(3), the

16

attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

24.     Defendants' representatives acknowledge reading and understanding all provisions of the Plea Agreement.   Defendants' representatives and Defendants' attorney have discussed the case and reviewed the Plea Agreement.   They have discussed Defendants' constitutional and other rights, including, but not limited to, Defendants' plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

25.     The Office of the United States Attorney for the District of North Dakota further agrees as a condition of this agreement that it will not bring any other criminal or civil actions against the individuals, Gloria Harper or Tyrone Pipkin as a result of any information currently known to that office as of the date of the signing of this agreement.

AGREED:

DREW H. WRIGLEY
United States Attorney

Dated: _June 17, 2008_   By: _____

DAVID L. PETERSON
Assistant United States Attorney

17

Dated: 6-10-08

GLOBAL NETWORKING TECHNOLOGY, INC.
By Tyrone Pipkin, Representative

Dated: 6-10-08        By:

TYRONE PIPKIN
Individually

Dated:

COMPUTER TRAINING AND
ASSOCIATES, INC.
By Gloria Harper, Representative

Dated:        By:

GLORIA HARPER
Individually

Dated: 6-10-08

CHRISTOPHER R. ZAETTA
Attorney for Defendant
TYRONE PIPKIN/GLOBAL NETWORKING
TECHNOLOGY, INC.

18

Dated: 6-10-08

GLOBAL NETWORKING TECHNOLOGY, INC.
By Tyrone Pipkin, Representative

Dated: 6-10-08          By:

TYRONE PIPKIN
Individually

Dated: 6-11-08

COMPUTER TRAINING AND ASSOCIATES, INC.
By Gloria Harper, Representative

Dated: 6-11-08          By:

GLORIA HARPER
Individually

Dated: 6-10-08

CHRISTOPHER R. ZAETTA
Attorney for Defendant
TYRONE PIPKIN/GLOBAL NETWORKING TECHNOLOGY, INC.

18

Dated: _6/16/08_                        _Wm Michael Jr_

WILLIAM MICHAEL, JR.
Attorney for Defendant
GLORIA HARPER/COMPUTER TRAINING
AND ASSOCIATES, INC.

1

## CERTIFICATE OF SERVICE BY MAIL

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)   Criminal No.  1:07-cr-89<br>          Plaintiff,   )<br>)<br>    -vs-   )<br>)<br>TYRONE PIPKIN, GLORIA HARPER, )<br>GLOBAL NETWORKING )<br>TECHNOLOGY, INC., and )<br>COMPUTER TRAINING AND )<br>ASSOCIATES, INC., )<br>)<br>          Defendants.   ) | |

The undersigned hereby certifies that she is an employee in the Office of the

United States Attorney for the District of North Dakota and is a person of such age and

discretion as to be competent to serve papers.

That on June 17, 2008, she served a copy of the attached PLEA AGREEMENT

and PLEA AGREEMENT SUPPLEMENT by placing said copy in a postpaid envelope

addressed to the person hereinafter named, at the place and address stated below, which is

the last known address, and by depositing said envelope and contents in the United States

mail at Bismarck, North Dakota.

Addressee:

Mr. William Michael Jr.
Attorney at Law
50 South 6th Street, Suite 1500
Minneapolis, MN 55402

Mr. Christopher R. Zaetta
Attorney at Law
555 Thirteenth Street NW
Washington, DC 20004

RENITA A. BERGER
Legal Assistant